DECISION AND ORDER
DONELDA HARPER, Associate Justice.
Appellant Frederick Harrington filed this appeal challenging the Tribal Court determination in this case that the Court lacked subject matter jurisdiction to hear the case because the Little Traverse Bay Bands of Odawa Indians (“LTBB”) had not waived its sovereign immunity and that the federal Fair Labor Standard Act (“FLSA”) did not apply to LTBB. For the reasons discussed below, the Appellate Court dismisses Harrington’s case based upon the sovereign immunity of LTBB.
I. FACTS
Appellant Harrington was hired by LTBB as the Community Services Division Head/Education Director in February of 1997. This position was salaried and classified under Section 201 of the LTBB Employee Handbook (“Employee Handbook”) as EXEMPT. Pursuant to the Employee Handbook and the FLSA, EXEMPT employees are not eligible for overtime or paid time away from work (“comp time”). Section 201 of the Employee Handbook also allows employees to challenge their employment classification by requesting in writing that the Human Resources Manager review their job classification. Harrington’s job description included, but was not limited to, responsibility for all LTBB education programs, supervision of the Head-start teacher, and supervision of housing and communications personnel.
Harrington was terminated from employment by LTBB on September 29, *256 2000. On January 2, 2001, Harrington filed a civil complaint against LTBB in the Tribal Court alleging that in 1999 and 2000 he qualified for additional compensation under the FLSA for overtime hours that he worked while employed with LTBB. Harrington seeks back pay and interest for LTBB’s alleged violation of the FLSA.
The Employee Handbook provides a procedure for employees to resolve disputes concerning wages, hours and working conditions. The Employee Handbook, in general, allows employees to bring a complaint arising out of the course of their employment to the attention of their supervisor within three working days of the event giving rise to the complaint. LTBB Employee Handbook, Section 711. If an employee is unhappy with the resolution of their complaint after completion of all of the steps in the grievance procedure, Section 711 also states that the employee “may bring an action for redress in Tribal Court.”
Harrington did not challenge LTBB’s classification of his position as EXEMPT under the Employee Handbook grievance process while employed by LTBB or afterward. He argues that he did not file a grievance after he was terminated because the Employee Handbook no longer applied to him as a former employee, but Harrington fails to address why he did not file a grievance while he was still employed by LTBB if he felt his position had been misclassified as EXEMPT.
On September 19, 2007, the Tribal Court, Judge Pro Tempore Pat Sekaquap-tewa presiding, issued an order finding that LTBB had not waived its sovereign immunity for Harrington’s claims. The Tribal Court also found that the FLSA did not apply to LTBB but went on to state that federal court, not Tribal Court, was the appropriate forum to decide whether the FLSA applied to LTBB. In addition, the Tribal Court determined that it would treat Harrington’s complaint as an appeal of the LTBB Department of Education’s denial of overtime pursuant to the Employee Handbook and gave him 30 days to notify the Court if he wished to proceed with an appeal on this basis or the case would be dismissed for failure to prosecute.
II. ANALYSIS
Initially, the Appellate Court notes that this is one of three lawsuits between the same parties that were argued before us on the same day and that to fully understand each case one might wish to review all three cases.
Article XVIII, Section A, of the LTBB Constitution states that “The Little Traverse Bay Bands of Odawa Indians, including all subordinate entities, shall be immune from suit except to the extent that the Tribal Council clearly and expressly waives its sovereign immunity, and officials and employees of the Tribe acting within the scope of them duties or authority shall be immune from suit.”
The FLSA permits employers to compensate their employees’ overtime hours with overtime or comp time. Similarly, Section 201 of the Employee Handbook classifies various LTBB employees as NONEXEMPT or EXEMPT from federal and state wage and hour laws. NONEXEMPT employees are entitled to overtime or comp time under the specific provisions of the Employee Handbook and the FLSA. EXEMPT employees are considered salaried employees and are not entitled to overtime or comp time. Harrington was classified as an EXEMPT employee pursuant to the Employee Handbook while employed by LTBB. As an EXEMPT employee, Harrington was not allowed overtime or *257 comp time for work he performed in excess of 40 hours per week.
In this case, Harrington did not avail himself of the employee grievance process, which was clearly laid out in Section 711 of the Employee Handbook, either while he was an LTBB employee or after his termination. Rather than follow the written grievance process, Harrington chose to initiate this lawsuit instead. We hold that the LTBB Employee Handbook provides only a limited waiver of sovereign immunity for lawsuits by employees with workplace grievances who strictly comply with all of the provisions in the grievance process. Because he did not follow the steps in the grievance process, Harrington’s lawsuit should be dismissed based upon LTBB’s sovereign immunity.
Moreover, Section 201 of the Employee Handbook clearly states that if Harrington felt that his status as an EXEMPT employee should have been changed to NONEXEMPT then he should have sought a classification review/change by requesting in writing that the Human Resource Manager review his job classification. Harrington failed to do this, Even if Harrington had followed the Section 201 job classification review process and the Section 711 grievance process, we determine that LTBB has shown by the evidence presented, including Harrington’s job description, that he was properly classified by LTBB as an EXEMPT employee for purposes of both the Employee Handbook and the FLSA.
Finally, the Appellate Court feels very strongly that it is necessary to address the Tribal Court’s statement in its September 19, 2007, order in this case that it believed that the proper forum for Harrington’s FLSA claim was in federal court not Tribal Court. Tribal courts are just as capable as any other court to interpret the laws of Tribal, federal and state jurisdictions. Indeed, the United States Supreme Court has long recognized that tribal courts are the most appropriate forums to initially hear lawsuits arising on-reservation, including those based upon federal and state law, under what is commonly known as the exhaustion of tribal court remedies doctrine. See, National Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845,105 S.Ct. 2447, 85 L.Ed.2d 818 (1985).
III. CONCLUSION
Because we conclude that Harrington failed to follow the necessary steps in the LTBB Employee Handbook to avail himself of LTBB’s limited waiver of sovereign immunity for employee grievances and because LTBB properly classified his position as EXEMPT, we DISMISS this case with prejudice.
DECIDED AND APPROVED BY A UNANIMOUS APPELLATE COURT.